**John Wesley WILLIAMS,
Plaintiff–Appellant,**

v.

**K. HARRINGTON, Warden; J. Castro,
Associate Warden; T. Billings,
Defendants–Appellees.**

No. 12–16320.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2013.*

Filed March 18, 2013.

John Wesley Williams, Lancaster, CA,
pro se.

Before: HUG, FARRIS, and LEAVY,
Circuit Judges.

MEMORANDUM **

Plaintiff John Williams appeals pro se
from the district court's dismissal of his 42
U.S.C. § 1983 action against several Cali-
fornia Department of Corrections and Re-
habilitation officials employed at Kern
Valley State Prison ("KVSP"). We have
jurisdiction under 28 U.S.C. § 1291, and
we affirm.[1]

We review de novo a dismissal of a
prisoner complaint under 28 U.S.C.

§ 1915A for failure to state a claim upon
which relief can be granted. *Hamilton v.
Brown*, 630 F.3d 889, 892 (9th Cir.2011).
"Under § 1915A, when determining
whether a complaint states a claim, a court
must accept as true all allegations of mate-
rial fact and must construe those facts in
the light most favorable to the plaintiff."
*Id.* at 892–93 (internal quotation marks
omitted).

A complaint is required to contain "a
short and plain statement of the claim
showing that the pleader is entitled to
relief." FED.R.CIV.P. 8(a)(2). While Rule
8 does not require detailed factual allega-
tions, "[t]hreadbare recitals of the ele-
ments of a cause of action, supported by
mere conclusory statements, do not suf-
fice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678,
129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
While factual allegations must be accepted
as true, legal conclusions are not entitled
to an assumption of truth. *Id.* at 679, 129
S.Ct. 1937.

The district court properly dismissed
Williams's First Amendment retaliation
claim against defendant Billings. To have
stated a claim, Williams must have alleged:
1) that Billings took some adverse action
against him 2) because of 3) his protected
conduct, 4) that the adverse action chilled
his exercise of his First Amendment
rights, and 5) that the action did not rea-
sonably advance a legitimate correctional
goal. *See Rhodes v. Robinson*, 408 F.3d
559, 567–68 (9th Cir.2005). While Williams
alleged that Billings's actions were "be-
cause of" his having filed inmate griev-
ances, he did not set forth any facts that
would support these conclusory allegations

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. Because the parties are familiar with the
facts underlying this appeal, we do not re-
count the facts here.

of retaliatory motive. This "formulaic recitation of the elements" is not entitled to an assumption of truth and is not sufficient to state a claim upon which relief can be granted. *See Iqbal,* 556 U.S. at 681, 129 S.Ct. 1937.

The district court also correctly dismissed Williams's claim against wardens Harrington, Biter, and Castro for implementation of an unlawful policy. To have stated a claim, Williams must have alleged that the wardens implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989) (internal quotation marks omitted). However, Williams failed to identify any policy that authorized constitutional violations against him. Moreover, Williams did not allege that there was a causal connection between the wardens' policies and any alleged unconstitutional conduct. Williams therefore failed to state a claim for implementation of an unlawful policy. *See Hansen,* 885 F.2d at 646.

We reject Williams's contention that the law of the case doctrine prevented the district court from dismissing claims it previously had found cognizable. Although a court generally is precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case, the court has discretion to depart from the law of the case if its decision was clearly erroneous. *See United States v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998). *Iqbal* and *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir.2009) (applying the *Iqbal* standard), were decided before the district court's order and changed the standard of review but were not applied by the district court. It therefore was not an abuse of

discretion for the district court to correct this error. *See Cuddy,* 147 F.3d at 1114.

We are unpersuaded by Williams's contention that the district court erred because it did not screen his complaint under this court's standard for evaluating claims of imminent danger set forth in *Andrews v. Cervantes,* 493 F.3d 1047 (9th Cir.2007). Our holding in *Andrews* is irrelevant to the dismissal of Williams's case for failure to state a claim. *Andrews* did not address the merits of a prisoner's imminent danger claim. *See* 493 F.3d at 1057. Rather, it addressed the "threshold procedural question" of whether a prisoner who faced an imminent danger could proceed *in forma pauperis* despite the Prison Litigation Reform Act's three-strikes rule. *Id.* at 1057; *see* 28 U.S.C. § 1915(g).

We reject Williams's remaining contentions as meritless.

**AFFIRMED.**